UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARQUETTE TRANSPORTATION COMPANY L.L.C., AND HLC TUGS, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 09-3606 |
| HUEY J. CHERAMIE | SECTION "S" (3) |

**ORDER**

Before the Court is plaintiffs' Motion for Leave to File Second Amended Complaint for Declaratory Judgment [Doc. #9]. For the following reasons, the Court DENIES the motion.

**I.      Background**

In May 2007, plaintiff Marquette Transportation Company, L.L.C. ("Marquette") entered an agreement with defendant Huey J. Cheramie under which it purchased substantially all of the assets of several of Cheramie's vessel-owning and operating companies for $34 million. As part of the total consideration, Marquette and Cheramie agreed that Cheramie would be employed by Marquette as president of the Marquette-unit that would own and operate Cheramie's former assets. Accordingly, in August 2007, Marquette and Cheramie entered an Employment Agreement. At the same time, Marquette and Cheramie also entered an Agreement to Protect Confidential Information, Assign Inventions, and Prevent Unfair Competition and Unfair Solicitation.

Subsequent events would ultimately force Cheramie to resign as an officer and director of Marquette in March 2009. After Cheramie's resignation, Marquette and Cheramie exchanged

written correspondence, in which Cheramie alleged that Marquette had breached the Employment Agreement.

In April 2008, and at the request of Marquette, Cheramie Holdings, L.L.C. ("Cheramie Holdings"), a company with Cheramie as its sole member, purchased the towing vessel M/V LAYLA RENEE ("the vessel"). Cheramie Holdings subsequently entered a Master Bareboat Charter ("the Charter") with HLC Tugs ("HLC"), a wholly-owned subsidiary of Marquette. Cheramie has never owned the vessel. After the charter of the vessel to Marquette, Cheramie learned that Marquette had added a raised pilot house to the vessel, allegedly violating the Charter. Thereafter, Cheramie alleged a breach of the Charter.

In response to Cheramie's allegations of Marquette's and HLC's various breaches, Marquette and Inland Marine Management Company, Inc. ("IMMC"), the predecessor to HLC, filed this declaratory judgment action against Cheramie individually. Plaintiffs seek, *inter alia*, a declaration of the parties' rights and obligations under the three agreements. After reviewing the complaint, counsel for Cheramie notified counsel for Marquette that IMMC was no longer a viable company and that HLC was the proper party plaintiff. Counsel for Cheramie also notified counsel for Marquette that Cheramie had never owned the vessel and that Cheramie Holdings owned it.

In response to the notice, Marquette filed a First Amended Complaint for Declaratory Judgment in June 2009 and substituted HLC for IMMC. Despite counsel's notice, Marquette failed to add Cheramie Holdings as a defendant. In an e-mail correspondence dated June 24, 2009, counsel for Cheramie again notified counsel for Marquette that Cheramie Holdings was the proper party defendant in the Charter dispute. Counsel for Marquette did not respond to the second notice.

2

Marquette now seeks leave to file a second amended complaint to add Cheramie Holdings as a defendant.[1]

**II.     Law and Analysis**

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, the "mandate" of Rule 15(a) should be heeded: Leave should be freely given. *Foman v. Davis*, 317 U.S. 178, 182 (1962). However, leave to amend a complaint is by no means automatic. *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citing *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992)). Leave to amend lies wholly within the sound discretion of the district court and may be denied when a motion to amend is colored by undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, or futility of the amendment. *Foman*, 317 U.S. at 182; *Little*, 952 F.2d at 846; *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir.1985).[2]

Marquette argues that its failure to add Cheramie Holdings as a defendant was a "simple oversight." Marquette asserts that Cheramie will suffer no prejudice because Cheramie Holdings was mentioned in one paragraph of the First Amended Complaint even though Marquette failed to explicitly add the organization as a defendant. According to plaintiffs, they clearly referenced the Charter on the vessel as originating through Cheramie Holdings in the First Amended Complaint.

---

[1] Cheramie has filed a Motion to Dismiss that is pending before the District Court. In the Motion to Dismiss, Cheramie asserts, *inter alia*, Marquette's failure to add Cheramie Holdings as a defendant as a defense to the claim for breach of the Charter.

[2] Because there is no scheduling order or trial date in place, the more lenient standard under Rule 15 applies here and not the "good cause" standard of Rule 16. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003).

Cheramie argues that plaintiffs have not met their burden under Rule 15. Cheramie asserts that undue delay applies here because plaintiffs waited more than three months after Cheramie notified them that Cheramie was not the proper party to the Charter to seek leave to add Cheramie Holdings as a defendant. Cheramie argues that plaintiffs did so to avoid a severance of the claims against Cheramie under Federal Rules of Civil Procedure 20 and 21.

Cheramie also maintains that amendment would be futile under Rule 20 because joinder of Cheramie Holdings is improper. According to Cheramie, the parties' dispute under the Employment Agreement does not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the dispute under the Charter Agreement. Marquette and Cheramie entered the Employment Agreement, and HLC and Cheramie Holdings entered the Charter. The parties' dispute under the Employment Agreement concerns the diminution of Cheramie's role as president of a Marquette subsidiary and the alleged failure to properly pay severance, while the dispute under the Charter Agreement concerns the addition of a raised pilot house on the vessel and the increase in deductibles under the hull and protection and indemnity policies for the vessel. According to Cheramie, the facts and evidence concerning the two disputes are separate and independent. Accordingly, adding Cheramie Holdings as a defendant would violate Rule 20 and constitute a futile amendment under Rule 15.

The Court finds that Cheramie's argument that the amended complaint would be futile and violative of Rule 20 is well-taken.[3] Rule 20 provides that defendants may be joined in one action

---

[3] To determine whether an amendment would be futile, the Court applies the same legal standard as it would to a Motion to Dismiss, *i.e.*, whether the amended complaint would fail to state a claim upon which relief could be granted. *Stribling v. Jordan Prod. Co.,*

4

as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B) (emphasis added). Here, this requirement is not met. The claims between Marquette and Cheramie individually arise out of the $34 million asset purchase and the contemporaneously-executed Employment Agreement. The claims between HLC and Cheramie Holdings arise out of the Charter Agreement and the alleged additions to the vessel, which occurred approximately a year after the asset purchase.

In a factually similar case, the Seventh Circuit upheld a trial court's dismissal of a defendant from the action. *Intercon Research Assocs., Ltd. v. Dresser Indus.*, *Inc.,* 696 F.2d 53 (7th Cir. 1982). There, the plaintiff sued two French defendants, AMC and its principal Roger Orio, to collect alleged commissions under a contract. *Id.* at 55. The plaintiff also sought to enforce a lien against a third defendant, Dresser Industries, Inc., who had entered an agreement with the two French defendants. *Id.* The district court dismissed Dresser Industries, Inc. under Rule 20 because "'plaintiff's right to relief against the defendants AMC and Orio ar[ose] out of an agency agreement between it and AMC, while any right to relief against defendant Dresser ar[ose], if at all, out of sales and services agreements between Dresser and the foreign defendants to which plaintiff was not a party.'" *Id.* at 56.[4]

Similarly, here, Marquette's alleged right to relief arises out of a contract between it and

---

*L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000).

[4] The Seventh Circuit was quoting the unpublished district court opinion.

Cheramie individually, a contract to which Cheramie Holdings and HLC are not parties. HLC's alleged right to relief arises out of the Charter between it and Cheramie Holdings, an agreement to which neither Marquette nor Cheramie individually is a party. Neither right to relief arises out of the same transaction or occurrence, and neither presents questions of law or fact common to all. Both Marquette's and HLC's separate claims will involve the interpretation of two entirely distinct and separate contracts to which all plaintiffs and defendants are not parties. Accordingly, the amendment to add Cheramie Holdings as a defendant would be futile and improper as violative of Rule 20.

### III. Conclusion

Accordingly, and for the foregoing reason, the Court DENIES plaintiffs' Motion for Leave to File Second Amended Complaint for Declaratory Judgment [Doc. #9].

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**